UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:15CV-00019-HBB

JACKIE J. WHITTLEY                                                    PLAINTIFF

VS.

WAL-MART STORES EAST, LIMITED
PARTNERSHIP                                                          DEFENDANT

MEMORANDUM OPINION
AND ORDER

Before the court is the motion of Defendant Wal-Mart Stores East, Limited Partnership ("Wal-Mart") for summary judgment (DN 18).  Plaintiff Jackie J. Whittley, *pro se*, has not filed a response.  The parties  previously consented to reference of this matter to the undersigned for all purposes, including the adjudication of dispositive motions and entry of final judgment (DN 8), and the matter has been so referred (DN 9).

Background

Plaintiff filed his complaint in Henderson Circuit Court.  Wal-Mart subsequently removed the action to this court under diversity of citizenship (DN 1).  In his first amended complaint, the Plaintiff claimed that on March 16, 2014, he was a customer at the Wal-Mart establishment in Henderson, Kentucky. (DN 1-6).  He alleged that, after selecting some laundry detergent from a shelf in the laundry aisle, he turned and slipped on a foreign substance on the floor, causing him to fall and strike his head (Id.).  His first amended complaint asserts claims for premises liability and negligence (Id.).

1

Plaintiff was initially represented by counsel in this action.  His attorney subsequently filed a motion for leave to withdraw as counsel (DN 13), in which his attorney stated he had met with Plaintiff to review "newly-produced evidence in the case."  Based upon that review, his attorney indicated he had "resolved to withdraw as attorney of record" and had discussed this with his client (Id.).  The undersigned granted the motion to withdraw and directed that the Plaintiff would have thirty days in which to secure replacement counsel.  If he failed to do so, the case would proceed on the assumption that he prosecuted the action *pro se* (DN 16).  Plaintiff failed to secure replacement counsel.

<u>Wal-Mart's Motion for Summary Judgment</u>

Wal-Mart contends that the evidence in the case demonstrates beyond question that the alleged accident was fabricated.  In support of this contention, Wal-Mart has tendered security video which it contends shows the Plaintiff and an accomplice staging the accident.  Wal-Mart describes the events illustrated on the video as follows:

1.  At 9:27:29 a.m. on the morning of the alleged accident, the plaintiff and a male companion arrived in a vehicle at the Wal-Mart parking lot.

2.  At 9:27:35 a.m. the companion exited the vehicle and walked across the parking lot toward the store.

3.  At 9:30:50 a.m. the companion arrived in the "action alley" inside the store.

4.  At 9:32:38 a.m. the companion entered the laundry aisle.

5.  At 9:32.53 a.m. the companion sprayed a substance on the floor.

6.  At 9:33:01 a.m. the companion returned to his pocket whatever device he had used to spray the substance.

7.  At 9:33.31 a.m. the companion departed the laundry aisle.

8.  At 9:34:53 a.m. the companion exited the store.

9.  At 9:35:04 a.m. the companion began walking toward the vehicle.

10. At 9:36:44 a.m. the Plaintiff exited the vehicle and began walking toward the store.

11. At 9:37:45 a.m. the Plaintiff entered the store.

12. At 9:38:36 a.m. the companion entered the vehicle and moved it.

13. At 9:39:22 the plaintiff entered the laundry aisle with a shopping cart and began selecting products.  He stopped at the location where he later fell and placed the shopping cart over that area.

14. At 9:44:21 a.m. the Plaintiff returned with the shopping cart, walked to the end of the aisle, turned, and returned to the scene of the fall.

15. At 9:45:05 a.m. the Plaintiff intentionally stepped onto and slipped on the floor where the companion earlier sprayed a substance, pulling the shopping cart over as he went down.

16. At 9:51:49 a.m. EMS arrived at the store.

17. At 10:00:00 a.m. the Plaintiff was placed on a stretcher and taken to the ambulance.

18. At 10:09:14 a.m. the ambulance departed the parking lot, followed by the vehicle in which the Plaintiff had arrived (DN 18-9, p. 1-3).

Wal-Mart supports the recitation of facts by tendering a copy of the surveillance video (DN 19, manually filed).  It authenticates the video with an affidavit from Jim Stone, Asset Protection Manager for the Wal-Mart store in question (DN 18-2).  Mr. Stone's affidavit also describes the events depicted in the video in a manner identical to Wal-Mart's recitation of the facts.  Wal-Mart has also tendered a set of requests for production submitted to the Plaintiff

asking for admission that the facts set forth in the memorandum and affidavit are true (DN 18-8). Plaintiff failed to file a response to the requests.

Summary Judgment Standard

In order to grant a motion for summary judgment, the Court must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of identifying the basis for its motion and the parts of the record that demonstrate an absence of any genuine issue of material fact.  *See* Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The Court must determine whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Patton v. Bearden, 8 F.3d 343, 346 (6th Cir. 1993) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)).  All inferences that may be drawn from the underlying facts must be viewed in the light most favorable to the nonmovant.  *See* Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  Once the moving party shows there is an absence of evidence to support the nonmoving party's case, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts."  Moore v. Phillip Morris Cos., 8 F.3d 335, 339-40 (6th Cir. 1993).  Conclusory allegations are not enough to allow a nonmoving party to withstand a motion for summary judgment.  Id. at 343.  "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]."  Anderson, 477 U.S. at 252.  "If the evidence is

4

merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (citations omitted).


Discussion

To prove common-law negligence, the Plaintiff must establish the existence of a duty, the breach of that duty, injury to the Plaintiff, and legal causation between the breach and Plaintiff's injury. Wright v. House of Imports, Inc., 381 S.W.3d 209, 213 (Ky. 2012). The standard of care applicable to a common-law negligence action is that of ordinary care: "such care as a reasonably prudent person would exercise under the circumstances." Id. (quoting Slusher v. Brown, 323 S.W.2d 870, 872 (Ky. 1959)). In the context of a premises liability case, Wal-Mart owed a duty to the Plaintiff, as a business invitee, to maintain the premises in a reasonably safe condition. Olfice, Inc. v. Wilkey, 173 S.W.3d 226, 228 (Ky. 2005).

As earlier noted, in seeking summary judgment, Wal-Mart bears the initial burden of demonstrating the absence of any genuine issue of material fact. Wal-Mart has supplied a video which it contends demonstrates that there was no failure on its part to exercise ordinary care in maintaining the laundry aisle floor in a reasonably safe condition. Wal-Mart contends the evidence shows the alleged accident resulted from collusion between the Plaintiff and an accomplice to artificially create a potentially hazardous condition of which the Plaintiff had prior knowledge for the purpose of staging a fall. Having made this showing, the burden shifts to the Plaintiff to present significant probative evidence refuting Wal-Mart's argument.

The Plaintiff has not filed a response to the motion for summary judgment. Conclusory allegations in his complaint cannot serve to oppose a motion for summary judgment. Kendall v. The Hoover Co., 751 F.2d 171, 173 (6th Cir. 1984). While statements in a verified complaint

5

based upon personal knowledge may function as the equivalent of affidavit statements for purposes of summary judgment, Carter v. Ky. Dept. of Corr., Civil Action No. 5:14-CV-P28-GNS, 2015 U.S. Dist. LEXIS 119743, at *5 (W.D. Ky. Sept. 9, 2015), neither the Plaintiff's original complaint nor his first amended complaint was verified. *See* DN 1-3 and 1-6.

Where a Plaintiff fails to provide a response to a motion for summary judgment, the district court must nonetheless examine the moving party's motion to ensure that it has discharged its initial burden. Green v. United States, Civil Action No. 11-59-HRW, 2013 U.S. Dist. LEXIS 7200, at *7 (E.D. Ky. Jan. 17, 2013). Where a party submits a videotape in support of a motion for summary judgment, the court may consider whether the video discredits the opposing party's contention of facts. *See* Scott v. Harris, 550 U.S. 372, 379-80 (2007); Oliver v. Greene, Case No. 14-3330, 2015 U.S. App. LEXIS 8986, at *4-11 (6th Cir. May 27, 2015). The undersigned has reviewed the Wal-Mart security video and concludes that the events depicted therein are consistent with the description contained in Mr. Stone's affidavit. Moreover, the Plaintiff failed to provide a response to Wal-Mart's requests for admission regarding the facts portrayed in the video, and, as such, the requests are deemed admitted. "In general, properly stated requests pursuant to Rule 36(a) of the Federal Rules of Civil Procedure are to be deemed admitted in the absence of a formal response by the opposing party and may be considered by a court addressing a motion for summary judgment." Morris v. Russell, Burdsall & Ward Corp., 577 F.Supp. 147, 151 (N.D. Ohio 1983). In light of the unrebutted evidence Wal-Mart has submitted, the undersigned finds that there are no disputed material facts, and Wal-Mart is entitled to summary judgment in its favor.

<u>ORDER</u>

Wherefore, the motion of Wal-Mart Stores East, Limited Partnership for summary judgment (DN 18) is **GRANTED** and Plaintiff's claims against it are **DISMISSED**, with prejudice.  This is a final judgment.

Copies:        Counsel